```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE NORTHERN DISTRICT OF TEXAS

 3                             DALLAS DIVISION

 4
     UNITED STATES OF AMERICA,      )        3:19-CR-371-L-2
 5                   Government,     )
                                    )
 6                                  )
     VS.                            )        DALLAS, TEXAS
 7                                  )
                                    )
 8   JOSE MARIA UVALLE,             )
                     Defendant.     )        January 7, 2020
 9

10

11                 TRANSCRIPT OF REARRAIGNMENT HEARING

12             BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ

13                   UNITED STATES MAGISTRATE JUDGE

14
     A P P E A R A N C E S:
15

16

17   FOR THE GOVERNMENT:        MR. P.J. MEITL
                                UNITED STATES DEPARTMENT OF JUSTICE
18                              NORTHERN DISTRICT OF TEXAS
                                U.S. Courthouse, Third Floor
19                              1100 Commerce Street
                                Dallas, Texas  75242
20                              philip.meitl@usdoj.gov
                                (214) 659-8680
21

22

23

24

25
```

Todd Anderson, RMR, CRR    (214) 753-2170

```
 1    FOR THE DEFENDANT:           MR. ROBERT JACKSON HERRINGTON
                                   Herrington Law Office
 2                                 P.O. Box 262234
                                   Plano, Texas  75026
 3                                 robjh22@gmail.com
                                   (214) 557-0577
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15
      INTERPRETER:                 MR. MICHAEL MAHLER
16

17

18
      COURT REPORTER:              MR. TODD ANDERSON, RMR, CRR
19                                 United States Court Reporter
                                   1100 Commerce St., Rm. 1625
20                                 Dallas, Texas  75242
                                   (214) 753-2170
21

22

23         Proceedings reported by mechanical stenography and

24    transcript produced by computer.

25
```

```
 1              REARRAIGNMENT HEARING - JANUARY 7, 2020
 2                     P R O C E E D I N G S
 3         THE COURT:  There you are, Mr. Mahler.
 4         THE INTERPRETER:  Yes, ma'am.
 5         THE COURT:  If you will please raise your right hand
 6    and be sworn.
 7              (The Interpreter was sworn)
 8         THE COURT:  Jose Maria Uvalle.
 9         MR. MEITL:  P.J. Meitl for the Government.
10         THE COURT:  Sir, I understand that you need the
11    services of a Spanish interpreter; is that correct?
12         THE DEFENDANT:  Yes.
13         THE COURT:  Mr. Mahler will be assisting you this
14    morning.
15              If you will please raise your right hand for me and
16    be sworn.
17              (The Defendant was sworn)
18         THE COURT:  You can put your hand down.
19              Do you understand, sir, that you're now under oath
20    and that if you answer any of my questions falsely that you
21    could later be prosecuted for perjury or making a false
22    statement?
23              THE DEFENDANT:  Yes.
24         THE COURT:  Please tell me your whole name for the
25    record.
```

```
1              THE DEFENDANT:  Jose Maria Uvalle.
2              THE COURT:  How old are you, sir?
3              THE DEFENDANT:  24.
4              THE COURT:  How much education have you had?
5              THE DEFENDANT:  Just elementary school.
6              THE COURT:  Are you able to read and write in
7    Spanish?
8              THE DEFENDANT:  Yes.
9              THE COURT:  How about English?
10             THE DEFENDANT:  No.
11             THE COURT:  Within the last six months have you been
12   under the care of any doctor?
13             THE DEFENDANT:  No.
14             THE COURT:  Have you ever been hospitalized or
15   treated for narcotics addiction or alcoholism?
16             THE DEFENDANT:  No.
17             THE COURT:  Have you ever been diagnosed with any
18   emotional or mental disability or problem?
19             THE DEFENDANT:  No.
20             THE COURT:  Are you now under the influence of
21   alcohol or any drug?
22             THE DEFENDANT:  No.
23             THE COURT:  Is there anything you know of that could
24   in any way affect your ability to understand why you're here
25   today and what you're going to do?
```

```
 1                THE DEFENDANT:  No.

 2                THE COURT:  Are you comfortable that you do fully

 3     understand what it is that you're here for?

 4                THE DEFENDANT:  Yes.

 5                THE COURT:  Mr. Herrington, any reason to believe

 6     that Mr. Uvalle is not fully competent to enter a plea of

 7     guilty?

 8                MR. HERRINGTON:  No, Your Honor.

 9                THE COURT:  Do you believe his plea will be a knowing

10     and voluntary plea?

11                MR. HERRINGTON:  I do, Your Honor.

12                THE COURT:  Mr. Uvalle, you have the right to enter

13     your plea of guilty before the district judge who's assigned to

14     your case, but you can agree to have a magistrate judge take

15     your plea and make a recommendation to the Judge that he either

16     accept or reject your plea.

17                I have here a signed notice and consent form that I'm

18     holding up.  Can you see the signature from where you're

19     standing?

20                THE DEFENDANT:  Yes.

21                THE COURT:  Is this your signature?

22                THE DEFENDANT:  Yes.

23                THE COURT:  Was this form translated for you before

24     you signed it?

25                THE DEFENDANT:  Yes.
```

1          THE COURT:  Did you discuss it with Mr. Herrington?

2          THE DEFENDANT:  No.

3          THE COURT:  All right.  Mr. Herrington?

4          MR. HERRINGTON:  If I can have just a second, Your

5    Honor.

6          (Defendant consults with counsel)

7          MR. HERRINGTON:  Your Honor, I ask that the Court

8    restate the question.

9          THE COURT:  All right.  Sir, did you go over the

10   waiver and consent form with Mr. Herrington before you signed

11   it?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Do you understand that by signing this

14   form you've agreed to go forward today before a magistrate

15   judge?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you still want to go forward today

18   before a magistrate judge?

19         THE DEFENDANT:  Yes.

20         THE COURT:  I find that consent has been given

21   knowingly and voluntarily.

22         You have the right to plead not guilty to any offense

23   charged against you.  If you plead not guilty, the Constitution

24   guarantees you certain rights:

25         The right to a speedy and public trial by a jury in

1    this district; the right at trial for you to see, hear, and

2    cross-examine all witnesses against you; the right to use the

3    power and process of the Court to compel the attendance of

4    witnesses and production of evidence in your favor; the right

5    to the assistance of an attorney at all stages of the

6    proceedings.  If you cannot afford an attorney, one would be

7    appointed for you.

8            You could not be compelled to testify at trial.

9    Whether or not you would testify would be your decision.  The

10   Government would have to prove your guilt beyond a reasonable

11   doubt.  And if you were convicted, you would have the right to

12   appeal your conviction.

13           Do you understand that you have and are guaranteed

14   each of these rights?

15           THE DEFENDANT:  Yes.

16           THE COURT:  On the other hand, if you plead guilty

17   and if the district judge accepts your plea there's not going

18   to be a trial.

19           By pleading guilty you're giving up that right as

20   well those other rights that go with a trial that I just

21   described to you.  If you plead guilty, you will be convicted

22   of the offense charged in Count Two of the indictment.

23           Do you understand the consequences of pleading

24   guilty?

25           THE DEFENDANT:  Yes.

1           THE COURT:  In Federal court it's the Judge who

2    decides the sentence whether a defendant is convicted by a jury

3    or by a plea of guilty.

4           The United States Sentencing Commission issued

5    guidelines for judges to follow to decide the appropriate

6    sentence in a criminal case.  The Supreme Court later found

7    that the guidelines were not mandatory but only advisory.  That

8    means that the Judge has to consider how the guidelines might

9    apply in your case, but he's not required to follow them.

10          Have you and Mr. Herrington talked about these

11   guidelines and how they might apply in your case?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Even so, do you understand that you

14   should not depend or rely upon any statement or assurance by

15   anyone as to what sentence you'll get, because only the Judge

16   can make that decision?

17          THE DEFENDANT:  Yes.

18          THE COURT:  The Judge won't make his decision until

19   after the Probation Office has prepared a presentence report.

20          In order to prepare that report, the Probation Office

21   will interview you as well as the agents of the Government

22   about the facts of the case.  The officer may also consider a

23   document called a factual resume.  It lists facts that you've

24   agreed to.

25          You should know that the probation officer isn't

1    limited to this document.  The officer can consider facts that

2    are not listed in the factual resume and disregard facts that

3    are listed there.  If that happens, you may not be permitted to

4    withdraw your plea of guilty.

5            You will, however, have an opportunity through your

6    attorney to object to the presentence report.

7            In order to decide your sentence, the Judge will

8    consider the report, your objections, and any evidence

9    presented at the sentencing hearing.

10           You do have the right to appeal whatever sentence you

11   get unless you give up that right.  In some cases the

12   Government also has the right to appeal.

13           Parole has been abolished; so if you're sentenced to

14   prison, you will not be released on parole.

15           Do you understand generally how the process of

16   sentencing works?

17           THE DEFENDANT:  Yes.

18           THE COURT:  You've got Mr. Herrington appearing with

19   you today as your attorney.

20           Have you had a full opportunity to talk to him about

21   your case and your proposed plea of guilty?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Are you fully satisfied with the

24   representation and advice you've received from him in

25   connection with your case and your proposed plea of guilty?

1            THE DEFENDANT:  Yes.

2            THE COURT:  Has a copy of the indictment been

3     translated for you?

4            THE DEFENDANT:  Yes.

5            THE COURT:  You have the right to have Count Two

6     translated for you at this time, but you may waive the reading

7     of the indictment.  What would you like to do?

8            THE DEFENDANT:  No.

9            THE COURT:  I will ask the Assistant United States

10    Attorney to set out what we call the essential elements of the

11    offense.  This is what the Government would have to prove at

12    trial to convict you on this charge, and I will ask you

13    questions about those elements when he's done.

14            Mr. Meitl?

15            MR. MEITL:  Thank you, Your Honor.

16            The Government would have to prove:

17            First:  That the Defendant knowingly possessed a

18    controlled substance;

19            Second:  That the substance was in fact a mixture or

20    substance containing a detectable amount of methamphetamine;

21    and

22            Third:  The Defendant possessed the substance with

23    the intent to distribute it.

24            THE COURT:  Sir, do you understand each of these

25    essential elements?

 1          THE DEFENDANT:  Yes.

 2          THE COURT:  Do you admit that you committed each of

 3   these essential elements?

 4          THE DEFENDANT:  Yes.

 5          THE COURT:  A defendant who's accused of a crime

 6   cannot plead guilty unless he is actually guilty of that crime.

 7          If you plead guilty, your plea must not be prompted

 8   or induced by any promises, pressure, threats, force, or

 9   coercion of any kind.  A plea of guilty has to be purely

10   voluntary, and you should plead guilty only because you are

11   guilty and for no other reason.

12          Has anyone in any way tried to make you or get you to

13   plead guilty in this case?

14          THE DEFENDANT:  No.

15          THE COURT:  Do you have a copy of the plea agreement

16   that was filed on December 6th there in front of you?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Please look with me at pages 8 and 9 and

19   tell me if you signed this document on both pages.

20          THE DEFENDANT:  Yes.

21          THE COURT:  Before you signed it, was it fully

22   translated for you?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Did you have an opportunity to fully

25   discuss it with Mr. Herrington and to ask him any questions you

 1    had about it?

 2            THE DEFENDANT:  Yes.

 3            THE COURT:  Were you comfortable that you fully

 4    understood everything set out here in the plea agreement before

 5    you signed it?

 6            THE DEFENDANT:  Yes.

 7            THE COURT:  Are all of the terms of your agreement

 8    with the Government set out in this written document?

 9            THE DEFENDANT:  Yes.

10            THE COURT:  I would like to go over some of the terms

11    with you.

12            On page 2, in paragraph 4, you agree that you

13    recognize that pleading guilty might have consequences on your

14    immigration status if you're not a citizen.

15            Are you a citizen of the United States?

16            THE DEFENDANT:  No.

17            THE COURT:  Do you understand that your conviction in

18    this case could result in your deportation and could affect

19    your ability ever to become a citizen of the United States?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Do you understand that no one, including

22    your attorney or even this Court, can predict at this time what

23    the specific consequences will be on your immigration status if

24    you are convicted in this case?

25            THE DEFENDANT:  Yes.

1           THE COURT:  Did you have a chance to talk to

2   Mr. Herrington about the potential consequences, up through and

3   including deportation?

4           THE DEFENDANT:  Yes.

5           THE COURT:  And even though you understand that the

6   specific consequences cannot be predicted at this time, do you

7   still wish to go forward with your plea of guilty?

8           THE DEFENDANT:  Yes.

9           THE COURT:  On page 4, in paragraph 8, there's an

10  agreement by you to give up all right, title, and interest you

11  have in certain property that was noted as subject to

12  forfeiture under the plea of guilty.  You've agreed not to

13  challenge the Government's taking of that property through any

14  type of proceeding.

15          Did you voluntarily and of your own free will agree

16  to give up your rights to that property and to let the

17  Government take it?

18          THE DEFENDANT:  Yes.

19          THE COURT:  On page 5, in paragraph 9, there's a

20  promise by the Government not to bring any additional charges

21  against you based on the underlying conduct and to dismiss

22  after sentencing any remaining charges in the pending

23  indictment.

24          Because your plea agreement has these promises by the

25  Government, the Judge has to decide if he's going to accept it.

1    If the Judge does not accept your plea agreement, you will be
2    able to change your plea of guilty to not guilty.
3         Do you understand that this is an option if the Judge
4    does not accept your plea agreement?
5         THE DEFENDANT:  Yes.
6         THE COURT:  On page 6, in paragraph 12, there's a
7    waiver of right to appeal.  As I explained earlier, you do have
8    this right unless you give it up.
9         Do you understand that in paragraph 12 you've agreed
10   to give up your right to appeal except for the limited
11   circumstances that are listed there?
12        THE DEFENDANT:  Yes.
13        THE COURT:  Paragraph 12 also has a waiver of right
14   to otherwise challenge sentence.  You can challenge your
15   sentence and conviction through what we call a writ of habeas
16   corpus or a motion to vacate sentence.
17        Do you understand that in paragraph 12 you have also
18   agreed to give up this right except for the limited
19   circumstances that are listed there?
20        THE DEFENDANT:  Yes.
21        THE COURT:  Do you understand that you've only
22   reserved the rights to bring a direct appeal of a sentence that
23   exceeds the statutory maximum punishment, or an arithmetic
24   error at sentencing, to challenge the voluntariness of your
25   plea of guilty or this waiver, or to bring a claim of

1    ineffective assistance of counsel?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Did you voluntarily and of your own free

4    will agree to give up your rights to appeal or to otherwise

5    challenge your sentence except for these limited circumstances?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Other than this written plea agreement,

8    has anyone made you any promise or assurance of any kind in

9    order to get you to plead guilty?

10            THE DEFENDANT:  No.

11            THE COURT:  By signing the plea agreement, are you

12    asking the Court to approve and accept it?

13            THE DEFENDANT:  Yes.

14            THE COURT:  I'm going to ask the Assistant United

15    States Attorney to set out the potential penalties and

16    consequences you will face if convicted on this charge.

17            Mr. Meitl?

18            MR. MEITL:  Thank you, Your Honor.

19            Those include:

20            Imprisonment for a period not to exceed 20 years.

21            A fine not to exceed $1 million, or twice any

22    pecuniary gain to the Defendant or loss to the victims.

23            A term of supervised release of not less than three

24    years, which is mandatory under the law and will follow any

25    term of imprisonment.  If the Defendant violates the conditions

1    of supervised release, the Defendant could be imprisoned for

2    the entire term of supervised release.

3            A mandatory special assessment of $100.00.

4            Restitution to victims or to the community, which may

5    be mandatory under the law and which the Defendant agrees may

6    include restitution arising from all relevant conduct, not

7    limited to that arising from the offense of conviction alone.

8            Costs of incarceration and supervision.

9            And forfeiture of property.

10           THE COURT:  Do you understand, sir, that if you plead

11   guilty you will be subject to the penalties and consequences

12   just explained by the Assistant United States Attorney?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Do you understand that if the sentence

15   you get is more than what you expect it to be you will still be

16   bound by your plea of guilty?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Having heard all of this, how do you

19   plead to Count Two of the indictment?  Guilty or not guilty?

20           THE DEFENDANT:  Guilty.

21           THE COURT:  Before I can recommend to Judge Lindsay

22   that he accept your plea, I have to find that there are enough

23   facts to support it.

24           Do you have a copy of the factual resume that was

25   filed on December 6th there in front of you?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Please look with me at page 3 and tell me

3    if you signed this document on that page.

4          THE DEFENDANT:  Yes.

5          THE COURT:  Before you signed it, was it fully

6    translated for you?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Did you have an opportunity to fully

9    discuss it with Mr. Herrington and ask him any questions you

10   had about it?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Were you comfortable that you fully

13   understood everything set out here in the factual resume before

14   you signed it?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Are the facts that are listed there true

17   and correct?

18         THE DEFENDANT:  Yes.

19         THE COURT:  You have the right to have these facts

20   read out loud to you at this time, but you may waive the

21   reading of the factual resume.  What would you like to do?

22         THE DEFENDANT:  That it not be read.

23         THE COURT:  Being satisfied with the responses given

24   during this hearing, I make the following finding on the

25   record:

1          In the case of the United States of America versus

2    Jose Maria Uvalle, Case 3:19-CR-371-L, Mr. Uvalle is fully

3    competent and capable of entering an informed plea.  His plea

4    of guilty to Count Two of the indictment is a knowing and

5    voluntary plea supported by an independent basis in fact that

6    contains each of the essential elements of the offense charged

7    in Count Two of the indictment.

8          The Court, therefore, recommends that his plea of

9    guilty be accepted, and if it is, he will be adjudged guilty of

10   the offense charged in Count Two of the indictment.

11         I just signed a written recommendation to Judge

12   Lindsay that he accept your plea.  You're going to get a copy

13   of it in a few moments.

14         If you have any objection to that recommendation,

15   you'll have 14 days from today to file those objections through

16   your attorney.

17         As I explained earlier, the Probation Office will now

18   prepare the presentence report to help the district judge at

19   sentencing.  You will be asked to give information for that

20   report, and your degree of cooperation could be a factor in the

21   severity of your sentence.

22         Through your attorney you'll get a copy of that

23   report well before sentencing, and through him you'll have the

24   opportunity to file any objections that you think are

25   appropriate.

1          You are set for sentencing on June 1st at 9:00 in the
2    morning.
3          And the presentence report is due by April 10th.
4          Mr. Uvalle, do you have any questions about anything
5    that we covered here this morning?
6          THE DEFENDANT:  No.
7          THE COURT:  Anything else the Court should address,
8    Mr. Herrington?
9          MR. HERRINGTON:  No, Your Honor.
10         MR. MEITL:  No, Your Honor.
11         THE COURT:  All right.  Good luck to you, sir.
12         You may have a seat.
13         Counsel are excused if they have no further matters
14   before the Court.
15         (Hearing adjourned)
16
17
18
19
20
21
22
23
24
25

1                              INDEX

2    Essential elements read................................. 10

3    Plea received.......................................... 16

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       I, TODD ANDERSON, United States Court Reporter for the

2   United States District Court in and for the Northern District

3   of Texas, Dallas Division, hereby certify that the above and

4   foregoing contains a true and correct transcription of the

5   proceedings in the above entitled and numbered cause.

6       WITNESS MY HAND on this 31st day of January, 2022.

7

8

9
                            /s/Todd Anderson
10                          TODD ANDERSON, RMR, CRR
                            United States Court Reporter
11                          1100 Commerce St., Rm. 1625
                            Dallas, Texas  75242
12                          (214) 753-2170

13

14

15

16

17

18

19

20

21

22

23

24

25